**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

MICHAEL NATHANIEL ARVIE                Civil Action No. 6:21-1387

versus                                 Judge Michael J Juneau

TERALD JUDE VIDRINE, ET AL.            Magistrate Judge Carol B Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, are two Motions to Dismiss, to wit: (1) Motion to Dismiss [Doc. 21] filed by defendants Terald Jude Vidrine and Ryan Vidrine; and (2) Motion to Dismiss Pursuant to FRCP 12 [Doc. 22] filed by the City of Ville Platte. The plaintiff opposes both motions in one response brief [Doc. 26]. For the following reasons, it is RECOMMENDED that the Motions to Dismiss be GRANTED.

## FACTUAL BACKGROUND

The instant lawsuit arises out of an incident that occurred on or about May 31, 2020. The plaintiff alleges that he was riding an all-terrain vehicle (ATV) owned by defendant Ryan Vidrine. The plaintiff alleges he was in possession of the ATV because another individual allowed him to use the ATV for a payment of $20.00. While the plaintiff was riding the vehicle, defendants Terald Vidrine, Ryan Vidrine, and Lance Vidrine received a call from Russell and Monique Gautreaux, the

1

operators of a business called the Blue Junction, LLC, who informed the Vidrines

that the ATV had been seen at the Blue Junction.  The Vidrines then called Neil

Latigue, the Chief of Police of Ville Platte, who allegedly advised the Vidrines that

he was on his way to the Blue Junction to meet them.  In the meantime, the

Gautreauxs allegedly locked the plaintiff in the Blue Junction so that he could not

leave.  When the Vidrines arrived at the Blue Junction, the Gautreauxs allowed them

in, and the Vidrines allegedly verbally abused the plaintiff and subsequently

assaulted and physically beat him.  The plaintiff alleges he was removed from the

Blue Junction by ambulance and taken to a hospital, where he was treated for a brain

injury, broken ribs, and injuries to his left eye and face.

On May 24, 2021, the plaintiff sued the Vidrines, the Gautreauxs, Blue

Junction, and the City of Ville Platte seeking damages for violations of 42 U.S.C.

1983 and 1988 and the Fourth and Fourteenth Amendments, as well as 42 U.S.C.

1981, 1985, and 1986.[1]  The plaintiff also alleges state law claims against the

defendants.  Although the state law claims are not clearly articulated in the

Complaint, it is presumed that the state law claims are for assault and battery under

Louisiana law.

Both the Vidrines and the City of Ville Platte filed motions to dismiss, arguing

the plaintiff fails to state a cause of action under any of the federal statutes invoked

---

[1] Plaintiff's claims against Blue Junction, L.L.C. have since been voluntarily dismissed. [Docs. 28 and 29]

in the Complaint, and that this Court should decline to exercise its supplemental jurisdiction over any state law claims alleged.   The Court now considers the arguments of the parties with respect to each claim.

## LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).   A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555.  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that

discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed.R.Civ.P. 12(b)(6).  The Fifth Circuit allows courts to consider "[d]ocuments that a defendant attaches to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993).

**B. Analysis**

    1.  **The Vidrines' Motion to Dismiss [Doc. 21]**

**Section 1983**

Plaintiff's §1983 claims fail because the Vidrines are private citizens, and their actions were not taken under the color of law.  It is axiomatic that to state a claim under §1983, a "plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549–50 (5th Cir. 2005) (emphasis in original), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). "[T]he under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). "A party may fairly be said to be a state actor only when 'he has acted with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Priester v. Lowndes Cty.*, 354 F.3d 414, 423 (5th Cir. 2004), *quoting Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988). Thus, for private citizens, such as the Vidrines, to be held liable under Section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989).

A non-state actor may be liable under Section 1983 if the private citizen was a "willful participant in joint activity with the state or its agents." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). In order to state a claim for Section 1983 liability on the part of a non-state actor, a plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) an actual deprivation of constitutional rights. *Id.* Allegations that are merely conclusory, without

5

reference to specific facts, will not suffice.  *Brinkmann v. Johnston*, 793 F.2d 111,

113 (5ᵗʰ Cir. 1986).

"The Supreme Court has utilized a number of tests for deciding whether a

private actor's conduct can be fairly attributable to the State."  *Cornish v. Corr. Servs.*

*Corp.,* 402 F.3d 545, 549 (5th Cir. 2005).   In *Cornish*, the court explained:

> Under the "state compulsion test," a private actor's conduct is
> attributable to the State when it exerts coercive power over the private
> entity or provides significant encouragement.  The "nexus" or "state
> action test" considers whether the State has inserted "itself into a
> position of interdependence with the [private actor, such] that it was a
> joint participant in the enterprise."  And, under the "joint action test,"
> private actors will be considered state actors where they are "willful
> participant[s] in joint action with the State or its agents." The Supreme
> Court has not resolved "[w]hether these different tests are actually
> different in operation or simply different ways of characterizing [this]
> necessarily fact-bound inquiry...."

402 F.3d 545, 549–50 (5th Cir. 2005) (internal citations omitted).

In this case, the undersigned concludes the plaintiff's Complaint fails to allege

a conspiracy between the Vidrines and the Chief of Police such that the Vidrines

could be said to be state actors under Section 1983.  The plaintiff alleges that the

Vidrines informed Chief Latigue that the ATV had been seen at Blue Junction, and

Chief Latigue allegedly advised the Vidrines that he was on his way to Blue Junction

to meet them.  The plaintiff does not allege that the Vidrines locked him in the Blue

Junction so that he could not leave.  The plaintiff does not allege that Chief Latigue

acquiesced or approved of the Vidrines' alleged actions, and he does not allege that

there was an agreement between the Vidrines and Chief Latigue to commit an illegal act.  To impose §1983 liability, the plaintiff must demonstrate that the Vidrines were "a willful participant in joint activity with the State or its agents."  The plaintiff's only factual allegation with regard to the Vidrines and Chief Latigue is that the Vidrines called Chief Latigue to tell him their ATV had been sighted.  This allegation is insufficient to establish that the Vidrines were state actors for the purposes of Section 1983.

Based on the foregoing, the undersigned finds that the facts as alleged do not support a Section 1983 claim against the Vidrines.

### Section 1981

The Fifth Circuit has established that Section 1981 does not provide an independent cause of action against state actors.  Indeed, it is well-settled that a plaintiff "must assert causes of action against local government actors under §1983 in order to obtain a monetary remedy for violations of civil rights protected by §1981.  *Escamilla v. Elliot*, 816 Fed. App'x 919, 922 (5th Cir. 2020) (unpublished). "In other words, plaintiffs cannot assert an independent cause of action under §1981 against state actors; the §1981 right must instead be asserted by means of the §1983 procedural remedy." *Id.*

Here, the undersigned has found that the plaintiff fails to state a claim under Section 1983 against the Vidrines.  Because the plaintiff fails to plead a §1983 claim, as detailed above, his §1981 must also fail.

**Section 1985(3)**

The plaintiff asserts a conspiracy claim under Section 1985(3), alleging that the Vidrine defendants, and the Gautreaux defendants, along with the City, conspired to deprive him of the equal protection of the laws.  The Vidrine defendants argue the plaintiff fails to state a claim against them under Section 1985(3) and seek dismissal of those claims.

The law is well-settled that §1985(3)[2] criminalizes only conspiracies that involve depriving someone of "equal protection of the laws" or "equal privileges

---

[2] Section 1985(3) provides in its entirety as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of

and immunities under the laws." 42 U.S.C. § 1985(3); *see Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). This kind of conspiracy requires some form of class-based discrimination. *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834–35, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). In *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001), the court stated:

> To state a cognizable claim under §1985(3), Horaist must allege that (1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)); *United Bhd. of Carpenters v. Scott,* 463 U.S. 825, 833, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

In the instant case, the plaintiff does not allege facts sufficient to state a valid claim under Section 1985(3), because he does not allege that the actions of the alleged conspirators were motivated by a racial or other class-based animus. For this reason, the undersigned finds that this claim should be dismissed.

### Section 1986

The plaintiff also alleges claims against the Vidrines under 42 U.S.C. §1986. Section 1986 provides that "[e]very person who, having knowledge that any of the

---

damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. §1985(3).

wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid . . . neglects or refuses so to do . . . shall be liable to the party injured." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010).  Thus, for plaintiff to state a claim under §1986, he also must state a claim under §1985, which prohibits, among other things, conspiracies to deprive any person equal protection of the laws.  *Lockett,* 607 F.34d at 1002.  Because the undersigned finds that the plaintiff fails to state a claim under §1985(3), he cannot state a claim under Section 1986, and this claim should also be dismissed.

## **Section 1981**

In Paragraph 2 of his Complaint, the plaintiff alleges that his claims "also" arise under 42 U.S.C. 1981.  This passing reference is the only reference in the Complaint to this statute.  Section 1981 provides, in part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. 1981.  Section 1981 has a specific function: It protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race.  *Landor v. Soc'y of the Roman Cath. Church of the Diocese of Lafayette*, 2014 WL 4630692, at *8 (W.D. La. July 14, 2014), *report*

*and recommendation adopted*, 2014 WL 4639519 (W.D. La. Sept. 15, 2014), *aff'd,* 609 F. App'x 239 (5th Cir. 2015). *See also Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474–75, 126 S.Ct. 1246, 1249, 163 L.Ed.2d 1069 (2006) (*citing* 42 U.S.C. § 1981(a)). Section 1981 was amended by the Civil Rights Act of 1991 to create a cause of action for discriminatory and retaliatory conduct occurring after the formation of a contract. *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004). To state a claim for relief under §1981, a plaintiff must allege (1) that he is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir.1994). A conclusory allegation that the right to make and enforce contracts has been violated is insufficient.

In the instant case, the plaintiff does not allege any facts supporting a claim of contractual interference. Rather, the plaintiff's claims sound purely in tort, including false imprisonment and battery upon his person. Because the plaintiff alleges no facts supporting a claim of contractual interference, he fails to state a claim under Section 1981, and these claims should be dismissed.

### State law claims

The plaintiff requests that this Court exercise supplemental jurisdiction over his state law assault and battery claims. However, when "all claims which conferred

federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims." *Turner v. Deville*, 2019 WL 3431639, at *3 (W.D. La. 2019) (citing 28 U.S.C. § 1367(c); *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004)). "As a general rule, state claims should be dismissed when the federal claims to which they are pendent are dismissed." *Id.*

Because plaintiff's federal claims against the Vidrines should be dismissed, and because the plaintiff has two state court suits pending, which involve the same factual allegations and state law causes of action, this Court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims, which should be dismissed for lack of subject matter jurisdiction.

### 2. **City of Ville Platte's Motion to Dismiss** [Doc. 22]

**Municipal liability**

It is axiomatic that a City is not liable under §1983 on the theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). To establish municipal liability under §1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." *Monell*, 436 U.S. at 691. Under *Monell*, a plaintiff must identify: "(1) an

official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "The elements of the *Monell* test exist to prevent a collapse of the municipal liability inquiry into a *respondeat superior* analysis." *Zarnow ex rel. Estate of Zarnow v. City of Wichita Falls, Tex.*, 2010 WL 3093443 (5th Cir. 2010).

"A local government entity may be sued if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Alternatively, municipal liability may attach where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval." *Id.* at *3 (citations and internal quotations omitted). *See also Bennett v. City of Slidell*, 735 F.2d 861 (5th Cir. 1984) (parsing "official policy" into formal policies and customary policies).

In the instant case, the plaintiff fails to allege the existence of a "policy" or "custom" of the City of Ville Platte, which led to the constitutional violations of which he complains. With no municipal policy implicated, the plaintiff fails to allege any "actual or constructive knowledge" possessed by the City, or that the City was a "moving force" regarding the complained of events alleged in the Complaint. For this reason, the plaintiff fails to state a claim against the City under Section 1983.

**Sections 1985(3), 1986, and 1981**

For the same reasons that the plaintiff's claims alleged under Sections 1985(3), 1986, and 1981 fail against the Vidrines, they fail against the City of Ville Platte.  The undersigned recommends that these claims be dismissed.

**State law claims**

The plaintiff requests that this Court exercise supplemental jurisdiction over his state law assault and battery claims alleged against the City.  However, because the plaintiff's federal claims against the City should be dismissed, so should the state law claims, for lack of subject matter jurisdiction.

**CONCLUSION**

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 21] filed by defendants Terald Jude Vidrine and Ryan Vidrine be GRANTED, and that all federal claims against these defendants be DENIED AND DISMISSED WITH PREJUDICE.  **IT IS FURTHER RECOMMENDED** that the state law claims against Terald Jude Vidrine and Ryan Vidrine be DENIED AND DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss Pursuant to FRCP 12 [Doc. 22] filed by the City of Ville Platte be GRANTED, and that all federal claims against the City be DENIED AND DISMISSED WITH PREJUDICE.

14

**IT IS FURTHER RECOMMENDED** that the state law claims against the City of Ville Platte be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 22nd day of September, 2021 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE